IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CAMERON ALEXANDER,<br><br>Defendant. | **8:21-CR-292**<br><br>**MEMORANDUM AND ORDER ON THE GOVERNMENT'S MOTION FOR REVIEW FOR REVOCATION OF A RELEASE ORDER** |

This matter is before the Court on the Government's Motion for Review for Revocation of a Release Order. Filing 367. For the reasons set forth both on the record and below, the Government's motion is denied and the defendant is released on conditions pending his final disposition hearing in this matter.

Ultimately, this case involves significantly different stories from the defendant and his 14-year-old stepdaughter, G.F., who has alleged the defendant sexually assaulted her. At the preliminary hearing in this matter, G.F.'s mother testified that G.F. has had many behavioral problems, including inappropriate conduct for a 14-year-old girl, and that the defendant and G.F.'s mother had disciplined G.F. by taking her phone and invoking other consequences shortly before G.F. claimed the defendant assaulted her. Upon review and investigation of G.F.'s assault allegations, the state authorities in Wisconsin decided not to file sexual assault charges or any other charges against the defendant, and at this time there are no state charges pending against the

1

defendant.[1] At this stage, the question is only whether the defendant should be detained pending the final disposition hearing in his supervised release proceedings. A magistrate judge has already determined that there is probable cause to believe the defendant violated the term of his supervision, and the Court does not modify that determination. The magistrate judge also decided to release the defendant on conditions pending the final disposition hearing, and she reached that decision after conducting a lengthy hearing on this matter. The Court agrees with the magistrate judge's decision and, in doing so, notes that at least one implication of G.F.'s mother's testimony is that G.F. made up the assault story after G.F. was disciplined for inappropriate conduct with her boyfriend. Although the question of whose story to believe is for another day, the Court does find G.F.'s mother's testimony significant in its *de novo* consideration of the evidence. The Court concludes the defendant should be released on conditions of supervision pending disposition of this matter.

## I.  BACKGROUND

On April 9, 2025, the Court imposed a sentence of time served on defendant Cameron Alexander after he pleaded guilty to conspiracy to distribute and possess with intent to distribute promethazine with codeine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). Filing 360 (Judgment); Filing 333 (Plea Agreement). The Court also sentenced the defendant to a one-year term of supervised release. Filing 360 at 3. On April 8, 2026, a Petition for Offender Under Supervision (Petition) was filed alleging that the defendant violated the condition of his supervised release prohibiting him from "commit[ting] another federal, state, or local crime." Filing 362 at 2.

---

[1] During the May 19, 2026, hearing on the Government's Motion for Review for Revocation of a Release Order, counsel for both the Government and the defendant represented that there are no Wisconsin state charges currently pending against the defendant. Defense counsel represented that the police and Child Protective Services have informed the defendant's wife, G.F.'s mother, that their investigations have concluded. Counsel for the Government noted the possibility of future prosecution. However, counsel for the Government also stated that he spoke with the United States Probation Office the day before the hearing, and Probation reported that it had spoken with the prosecutors in Wisconsin and there was no active prosecution of the defendant.

Specifically, the Defendant was alleged to have sexually assaulted his 14-year-old stepdaughter, G.F. https://ecf.ned.uscourts.gov/doc1/11315867757?page=2An arrest warrant was issued and executed, and the defendant appeared before United States Magistrate Judge Anita Marie Boor in the Western District of Wisconsin on April 13, 2026. *See* Docket, United States of America v. Alexander, Cameron, Case No. 3:26-mj-110 (W.D. Wis. 2026). Judge Boor held a preliminary hearing on April 16, 2026, at which time she also addressed the issue of detention. *See* Fed. R. Crim. P. 32.1(a)(5)(A) and (a)(6). https://ecf.ned.uscourts.gov/doc1/11315873693Judge Boor noted that it was "a little complicated in this particular case because the alleged violation is an alleged crime" and the state of Wisconsin was "not presently proceeding" with charges against the defendant. Filing 380-3 at 3, 100. She also identified "evidence that called aspects of G.F.'s account into question, including testimony from G.F.'s mother about the tight timeline of the day in question." Filing 370-15 at 2. However, Judge Boor ultimately concluded that there was enough evidence to make a probable cause finding, and she then turned to the question of detention pending the final disposition hearing on the Petition. Filing 370-15 at 2.

The Government sought detention, while the defendant sought release subject to conditions. After hearing argument from both parties and after the considering the evidence already presented during the hearing, Judge Boor found that the defendant had met his burden to establish by clear and convincing evidence that he will not flee or pose a danger to any other person or the community, and that any concerns could be addressed with conditions of release. Filing 370-15 at 2. Judge Boor denied the Government's request to stay the order releasing the defendant and counsel for the Government filed a Motion for Emergency Stay and For Review for Revocation of a Release Order before the Court. Filing 367. The Court granted the Government's request for a stay of Judge Boor's release order and established a briefing schedule to assist the Court in its *de novo* review of the

release order. Filing 369. Once the issue was fully briefed, the Court held a hearing on the Government's motion on May 19, 2026.

## II.  APPLICABLE STANDARDS

Federal Rule of Criminal Procedure 46 provides that "Rule 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release." Fed. R. Crim. P. 46(d). Federal Rule of Criminal Procedure 32.1(a) in turn provides that a "person held in custody for violating probation or supervised release" may be released or detained under 18 U.S.C. § 3143(a)(1) "pending further proceedings." Fed. R. Crim. P. 32.1(a)(1) and (6); *see* 18 U.S.C. § 3143(a)(1) (providing that "a person who has been found guilty of an offense and who is waiting imposition or execution of sentence" shall be ordered "detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community if released under section 3142(b) or (c)"). "The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6). Review of a release order is authorized by 18 U.S.C. § 3145(a). The Court's review of a release order is a *de novo* review. *See United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985) (quoting *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985), which states that "the rule of de novo determination by the district court applies not only when the accused challenges the magistrate's order, but also when the government does, as it is authorized to do by section 3145(a)(1)" and explains that "the district court, making an independent determination, can order pretrial detention even though the magistrate has refused to do so"); NECrimR 46.2(c) ("Unless additional evidence is received on review, the district judge reviews an order of release or detention de novo on the record made before the magistrate judge.").

### III. LEGAL ANALYSIS

Having considered *de novo* the record made before Judge Boor and the parties' arguments and evidence on the Government's Motion for Review for Revocation of a Release Order, the Court denies the Government's motion and affirms Judge Boor's decision to release the defendant on conditions pending the final disposition hearing in this matter. The Court concludes the defendant has met his burden to demonstrate that he is not a flight risk or a safety risk. There is evidence that the defendant has strong ties to his community in Wisconsin, including in the form of his family and his employment. The defendant was released on conditions pending his sentencing on the underlying offense in this case, and he was permitted to live and work in Wisconsin while on release. Filing 89 (Order Setting Conditions of Release). The defendant was under the Court's pretrial supervision from April 12, 2022, to April 8, 2025, and in that time the defendant received a single written reprimand. Filing 227. The Court expects all defendants to comply with their conditions of release— whether pretrial release, supervised release, or release pending a disposition hearing—and as the Court would expect, there were no other issues with the defendant's supervised release apart from the allegation in the Petition. Based on this evidence, the Court concludes that the defendant is not a flight risk.

The Court acknowledges the Government's concerns regarding the safety of G.F., and indeed the Court shares those concerns. However, the Court finds that the conditions of release imposed by Judge Boor and hereby adopted by the Court are sufficient to ensure the safety of G.F. and the community. Pursuant to the conditions of release, the defendant shall not associate with, speak to, telephone, text, email, or have any contact whatsoever with G.F., and he will not be permitted to have any indirect contact with G.F. through her mother or her siblings. Moreover, the defendant shall not travel into Sauk County, the county where G.F. resides, and he shall submit to

5

location monitoring as required by his conditions of release. The defendant is advised that violation of these or any other conditions of release could result in the revocation of his release order.

In deciding to release the defendant subject to conditions, the Court has taken into account the fact that at this time, the authorities in the state of Wisconsin have not filed charges against the defendant related to the conduct G.F. reported. Although the Court has conducted a *de novo* review of the question of detention pending the final disposition hearing, the Court also finds it significant that Judge Boor entered a release order after carefully evaluating the evidence before her.

Furthermore, the Court has considered G.F.'s mother's testimony that she and the defendant have struggled to address G.F.'s behavioral issues. G.F.'s mother testified that prior to March 19, 2026, she and the defendant confiscated G.F.'s phone to punish G.F. for exchanging sexual messages with her boyfriend and for exchanging messages suggesting that G.F. would harm herself. Filing 380-3 at 38–39, 44–45. G.F.'s mother also testified that the day before G.F. reported the March 19th incident to her middle school counselor, G.F.'s mother and the defendant confiscated G.F.'s phone and discussed more serious consequences like pulling G.F. out of school and making her break up with her boyfriend after G.F. returned from walking the family dog with a hickey. Filing 380-3 at 50–52. Both Officer Yeager and G.F.'s mother also testified that G.F. previously reported to a school counselor that the defendant had killed someone when that was not true. Filing 380-3 at 24, 36.

Having independently considered all of the evidence before Judge Boor, as well as the evidence and argument before the Court, the Court concludes that there are conditions of release that will reasonably assure the defendant's appearance at future proceedings and the protection of G.F. and the community. Accordingly,

IT IS ORDERED:

1. The Government's Motion for Review for Revocation of a Release Order, Filing 367, is denied;

2. The stay of the release order entered by the United States Magistrate Judge for the Western District of Wisconsin is lifted;

3. The Court adopts the conditions of release set forth in the magistrate judge's Order Setting Conditions of Release, Filing 370-11; and

5. The defendant is ordered released after processing.


Dated this 19th day of May, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge